UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOSE MIRANDA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　　Defendant. | Case No.  2:10-cv-01753-GMS<br><br>**ORDER RE: DISMISSAL WITH PREJUDICE OF ALL CLAIMS** |

　　　　Pursuant to the Joint Motion Re Approval of Settlement and Request for Dismissal with Prejudice of All Claims (Doc. 24), the parties seek this Court's approval of the settlement of the lawsuit by Plaintiffs Jose Miranda, Alma Carranza, Antonio Perez, Rigoberto Mendez, and Wilfredo Alaya (collectively, "Plaintiff"), the consideration of which includes, among other things, a release of any and all claims that Plaintiffs have (or had) against Defendant JPMorgan Chase Bank, N.A. ("Defendant") for wages under the Fair Labor Standards Act ("FLSA"), §§ 210, *et seq*.  FLSA claims can only be settled under the supervision of either the Secretary of Labor or the district court.  *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982)).  To obtain district court approval, the

parties must "present to the court a proposed settlement, upon which the court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *See Yue Zhou v. Wang's Rest.*, 2007 U.S. Dist. LEXIS 60683 at *1 (N.D. Cal. Aug. 8, 2007) (citing *Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n. 8 (1946); *Lynn's Food Stores, Inc.*, 679 F. 2d at 1353). Moreover, "[i]n reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute." *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F. 2d at 1354 ("If a settlement in an employee FLSA suit … reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation")).

After a confidential *in camera* review of the Settlement Agreement presented by the parties, the Court determines that the terms of the settlement of this litigation are fair and reflect a reasonable compromise of Plaintiffs' lawsuit, including the amount contemplated to be paid to Plaintiffs for resolution of their claims. The Court, moreover, has determined that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. *See, e.g. Officers for Justice v. Civil Service Commission,* 688 F. 2d 615, 625 (9th Cir. 1982). Finally, in approving the parties' settlement agreement, the Court balanced numerous factors, including the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the extent of the discovery completed, the stage of the proceedings, and the experience and views of counsel. *See, e.g. Torrisi v. Tucson Electric Power Co.*, 8 F. 3d 1370, 1375 (9th Cir. 1993). Accordingly, the Court approves the settlement in its entirety.

The Court, thus having approved of the settlement of the claims in this matter, hereby **DISMISSES WITH PREJUDICE** all claims which were brought, or could have been brought, by Plaintiffs in their First Amended Complaint, filed

on October 27, 2010. This Court further approves the release by Plaintiffs of any claims and potential claims as set forth in the Settlement Agreement, including, but not limited to, any claims against Defendant for wages under the FLSA.

Neither this Order nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any proceeding as evidence: (a) of an adjudication of the merits of this case or that any party has prevailed in this case; or (b) that the Defendant or others have engaged in any wrongdoing. The Court further finds that Plaintiffs have a reasonable expectation of privacy in the information contained in the settlement agreement, which, absent a court order, shall not be disclosed to any non-parties to this lawsuit.

Dated this 16th day of May, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge